**FILED**
**May 02, 2022**
**08:25 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **SCOTT WILSON,** | ) | **Docket No. 2021-05-0344** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICAN PAPER & TWINE CO.,** | ) | **State File No. 18268-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **ACCIDENT FUND GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on April 27, 2022, to determine whether Mr. Wilson is entitled to additional medical treatment, specifically treatment for his carpal tunnel/cubital tunnel syndrome. The Court finds that Mr. Wilson is likely to prove this condition is a natural consequence of his compensable shoulder injury. Therefore, the Court holds that he is likely to prevail at a hearing on the merits.

### History of Claim

The parties agreed that Mr. Wilson suffered a compensable left-shoulder injury on January 14, 2020. American Paper provided medical benefits, including rotator cuff repair surgery by Dr. Joseph Wieck.

Mr. Wilson testified that after the surgery, he had severe numbness and tingling in his left hand, something that he had not experienced before. He reported the problem to Dr. Wieck at his two-week appointment, and the doctor told him it was probably caused by inflammation from the surgery and that it should resolve.

About six weeks after surgery, while Mr. Wilson was still on light duty, he had a workplace fall on June 24. He returned to Dr. Wieck, who found no new injury. Mr.

Wilson told him again about the hand numbness, and Dr. Wieck said those symptoms would probably improve after he started physical therapy. When the problem persisted for another three months, Dr. Wieck ordered an EMG test.

Dr. Wieck then left his medical practice, and Dr. Joseph Shaffer assumed Mr. Wilson's care. Dr. Shaffer reviewed the EMG results and diagnosed carpal tunnel syndrome but said that "this would not be attributed to his work injury." He then placed Mr. Wilson at maximum medical improvement, assigned an impairment rating, and released him with no restrictions.

As Mr. Wilson's symptoms persisted, American Paper provided a panel of hand specialists for a second opinion, from which he selected Dr. Paul Abbey. Dr. Abbey examined Mr. Wilson and diagnosed both carpal tunnel and cubital tunnel syndrome in the left arm. His treatment note says, "I believe that the carpal tunnel and cubital tunnel are UNRELATED to work. They are a result of his prior rotator cuff surgery." (Emphasis in original).

American Paper then sent a questionnaire to Dr. Abbey that said Mr. Wilson was "being evaluated for numbness in his left wrist/hand after an incident on 6/24/20 when he stepped off a trailer and fell approximately 5 feet." It then asked whether the hand and wrist symptoms were causally related to that work injury. Dr. Abbey checked the response that said, "I do not believe that [these] symptoms are causally related to work and this is a personal, pre-existing condition."

Dr. Abbey gave a deposition and answered questions about the cause of Mr. Wilson's carpal/cubital tunnel symptoms. He said he had often seen patients who had this condition after shoulder surgery and that Mr. Wilson's surgery was a contributing factor in this case. However, he was not able to say that the rotator cuff surgery was greater than fifty percent responsible for this condition. He also confirmed that Mr. Wilson was a candidate for carpal tunnel release surgery and possibly cubital tunnel surgery.

At the conclusion of the hearing, Mr. Wilson requested medical treatment for his carpal/cubital tunnel syndrome. American Paper contended that he was not entitled to this treatment because he presented no medical proof that his employment was the primary cause of these conditions.

**Findings of Fact and Conclusions of Law**

For the Court to grant Mr. Wilson's requests, he must prove he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

American Paper did not contest the compensability of the shoulder injury but contended that Mr. Wilson is not entitled to treatment for his carpal/cubital tunnel syndrome, which he claimed is the result of his shoulder surgery. Thus, the specific questions before the Court are: 1) what standard is used in cases where an employee alleges an injury that flows from the primary compensable injury; and 2) whether Mr. Wilson is likely to meet that standard.

American Paper relied on the standard in Tennessee Code Annotated section 50-6-102(14), which requires Mr. Wilson to show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Because Dr. Abbey was unable to say that the rotator cuff surgery was greater than fifty percent responsible for the carpal tunnel syndrome, American Paper maintains that Mr. Wilson has not met his burden of proving compensability of that condition. However, this is not the correct analysis.

The Workers' Compensation Appeals Board recently addressed this question in *Braden v. Mohawk Indus. Inc.*, 2022 TN Wrk. Comp. App. Bd. LEXIS 11 (Mar. 1, 2022). In a lengthy exploration of the "direct and natural consequences rule," the Board reiterated its previous holding that "[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment. Therefore, all the medical consequences and sequelae that flow from the primary injury are compensable." It concluded that an employee need not prove that the secondary injury was *primarily* caused by the work injury. *Id.* at *11.

Applying this standard to Mr. Wilson's claim, the Court is faced with two medical opinions. The first comes from Dr. Shaffer, who said that the carpel tunnel syndrome "would not be attributed to his work injury." Again, however, the issue is not whether the carpal tunnel syndrome is attributable to the work injury but whether it is a natural consequence of it. Dr. Shaffer's opinion does not answer this question.

This leaves the opinion of Dr. Abbey. Although he was unable to identify Mr. Wilson's shoulder surgery as the primary cause of his carpal/cubital tunnel syndrome, his treatment note said that these conditions were "a result of his prior rotator cuff surgery." He reiterated this opinion in his deposition when he said the shoulder surgery was a contributing factor to the carpal/cubital tunnel syndrome.[1]

Dr. Abbey's unrebutted opinion is sufficient to establish that Mr. Wilson's carpal/cubital tunnel syndrome is a natural consequence of his injury. Therefore, the Court

---

[1] The Court disregards Dr. Abbey's response to the questionnaire because it asked the wrong question – whether the later workplace fall in June was the cause of Mr. Wilson's hand and wrist conditions.

finds that he is likely to prove entitlement to treatment for these conditions.

**IT IS, THEREFORE, ORDERED** as follows:

1. American Paper shall continue to provide medical benefits, including treatment with Dr. Abbey for Mr. Wilson's carpal/cubital tunnel syndrome.

2. A status hearing will take place on **July 13, 2022, at 10:00 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of issues without your participation.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 2, 2022.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Mr. Wilson's affidavit
2. Transcript of Dr. Paul Abbey's deposition
3. Medical records attached to American Paper's Exhibit List

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Brief
5. Employer's Witness List
6. Employer's Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on May 2, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Scott Wilson, Employee | X | | X | 227 Peebles Drive Smyrna, TN 37167 swilson@aptcommerce.com |
| Gordon Aulgur, Employer's Attorney | | | X | gordon.aulgur@afgroup.com cc: susan.block@afgroup.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*